FILED
JAN 03 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYNE S. SMITH, | ) | Civ. No. 11-4001 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRIS NELSON in his official | ) | |
| capacity as Secretary of State of | ) | |
| South Dakota, MIKE MILSTEAD | ) | |
| in his official capacity as | ) | |
| Minnehaha County Sheriff | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COMPENSATORY AND NOMINAL DAMAGES

### INTRODUCTION

1. This is a 42 U.S.C. §1983 action challenging South Dakota's statutory bar on resident aliens from obtaining a license to carry a concealed weapon. Plaintiff Wayne S. Smith, a resident alien lawfully admitted into the United States as a permanent resident, was denied his re-application for a permit to carry a concealed weapon by the Minnehaha County Sheriff on the basis that he is not a Untied States citizen.

## Parties and Jurisdiction

2. Plaintiff WAYNE S. SMITH (Mr. Smith) is a resident of Minnehaha County, South Dakota, and is a resident alien lawfully admitted into the United States as a permanent resident.

3. Defendant CHRIS NELSON in his official capacity as Secretary of State of South Dakota is the South Dakota authority charged with issuing South Dakota Concealed Carry Licenses and is located in the State of South Dakota. SDCL 23-7-8.

4. Defendant MIKE MILSTEAD in his official capacity as Minnehaha County Sheriff is located in Minnehaha County and is the authority charged with accepting applications for South Dakota concealed carry permits in Minnehaha County. SDCL 23-7-7

5. Minnehaha county Sheriff's Department is located in Minnehaha County and is the local authority that disseminated information and applications for South Dakota concealed weapons permits, and is charged with forwarding applications to the office of the Secretary of State. SDCL 23-7-8.

6. This Court has original jurisdiction of the action pursuant to U.S.C. §1331 because Mr. Smith's complaint arises under the equal protection clause of the fourteenth amendment to the constitution of the United States.

7. Venue is proper in the case pursuant to 28 U.S.C §1391(b) as all parties reside in South Dakota, a defendant resides in Minnehaha

County, and a substantial part of the events from which these claims arise occurred in the district of South Dakota.

## Common allegations of Law and Fact

8. South Dakota law requires South Dakotans to obtain a license in order to legally carry a concealed weapon. SDCL 22-14-9

9. The Minnehaha County Sheriff accepts applications from Minnehaha county residents for a concealed carry permit. SDCL 23-7-7

10. Prior to issuing the permit, the sheriff executes a background investigation, including a criminal history check, of every applicant for the purposes of verifying the qualifications of the applicant pursuant to the requirements of 23-7-7.1.

11. Other than SDCL 23-7-7.1's citizenship requirement, there is no unfulfilled requirement under the statute that would prevent Mr. Smith from obtaining a concealed carry permit.

12. South Dakota may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Cont. Amend. XIV Section 1.

13. South Dakota may not deny to any person constitutional rights under color of law.

14. The federal government has plenary power to control the entrance of foreigners into the United States.

15. There are no federal laws requiring United States citizenship as a prerequisite for an application for or the issuance of a license to purchase, carry, transport, or carry a concealed weapon.

16. In light of Mr. Smith's inability to obtain a concealed carry permit, he has suffered irreparable harm, and there is currently no adequate remedy at law that can redress this harm.

## Violation of equal protection of the law

17. The citizenship requirement of SDCL 23-7-7.1 discriminates based on alienage.

18. The citizenship requirement contained in the statute is unconstitutional as a denial of equal protection of the law and is in violation of the Equal protection Clause of the Fourteenth Amendment of the United States Constitution.

19. A controversy exists as to whether the citizenship requirement of SDCL 23-7-7.1 is constitutional.

20. A declaration from this Court would settle this issue.

21. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

22. Mr. Smith seeks a declaration that SDCL 23-7-7.1(8) is unconstitutional.

23. In the absence of an injunction, the citizenship requirement of SDCL 23-7-7.1 would continue to be enforced and would prevent Mr. Smith from successfully obtaining a concealed carry permit.

24. Mr. Smith would continue to suffer irreparable injury if the Court does not issue an injunction.

25. There is no adequate remedy at law because only an injunction would allow Mr. Smith the opportunity to obtain a concealed carry permit.

### Prayer for Relief

WHEREFORE, Plaintiff Wayne S. Smith respectfully asks this Court:

(A). Declare that the United States Citizenship requirement of SDCL 23-7-7.1 denies Mr. Smith the equal protection of the laws;

(B). Enter a declaratory judgment declaring the citizenship requirement of SDCL 23-7-7.1 unconstitutional and striking such requirement from the statute;

(C). Grant Mr. Smith any and all necessary injunctive relief so as to enable Mr. Smith to apply for a concealed carry permit, and so that Mr. Smith's application will be determined, processed, and issued without regard to his citizenship;

(D). Award Mr. Smith monetary damages against the Minnehaha County Sherriff in an amount to be proven at trial;

(E). Grant Mr. Smith costs and reasonable attorney's fees pursuant to 42 U.S.C Section 1988; and

(F). Grant any further relief, in law or equity, as the Court deems just and appropriate.

Respectfully submitted,

/s/ Robert Doody
ROBERT DOODY
ANDREW KNECHT
American Civil Liberties Union
South Dakota Chapter
401 E. 8th Street, Suite 226
Sioux Falls, South Dakota, 57103
(605) 332-2508
rdoody@aclu.org
aknecht@aclu.org

ATTORNEYS FOR PLAINTIFF