FILED
JAN 03 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYNE S. SMITH, | ) | Civ. No. 11-4001 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | BRIEF IN SUPPORT OF |
| | ) | MOTION FOR A PRELIMINARY |
| CHRIS NELSON in his official | ) | INJUNCTION OR TEMPORARY |
| capacity as Secretary of State of | ) | RESRAINING ORDER |
| South Dakota, MIKE MILSTEAD | ) | |
| in his official capacity as | ) | |
| Minnehaha County Sheriff | ) | |
| | ) | |
| Respondents. | ) | |

The plaintiffs respectfully submit this brief in support of their motion for a temporary restraining order or preliminary injunction. The plaintiffs seeks an order enjoining Defendants in their official capacities from enforcing the provision limiting the issuance of a concealed carry permit to Untied States Citizens.

**I. Background**

Plaintiff Wayne S. Smith emigrated from the UK to the United States approximately thirty years ago when he was a teenager. He is currently a Permanent Resident of the United States and has been a resident since 1979. (Attachment 1).

On July 6, 2010, Mr. Smith re-applied for a permit to carry a concealed weapon in Minnehaha County. Mr. Smith has previously held a permit to carry a concealed weapon, issued out of Lincoln County. The

Minnehaha County Sheriff's department denied Mr. Smith's most recent application based on the fact that he is not a United States Citizen, pursuant to SDCL 23-7- 7.1(8). (Attachment 2)

## II. Discussion

The Eight Circuit has identified four factors for a district court to consider when determining whether a temporary restraining order or preliminary injunction shall issue: (1) threat of irreparable harm to moving party, (2) balancing this harm with any injury injunction would inflict on other interested parties, (3) probability that moving party would succeed on the merits, and (4) effect on the public interest. (*Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 729, (8th Cir. 2008) citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981))

Further, "a court should flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." (*United Industries Corp. v. Clorox Co.* 140 F.3d 1175 at 1179 quoting *Dataphase*, 640 F.2d at 113).

In this case, the balance weighs heavily in Mr. Smith's favor on each of the four factors.

### A. Threat of irreparable harm to moving party

In the absence of an injunction, the statute requiring United States Citizenship would continue to be enforced and Mr. Smith would be

prevented from successfully obtaining a permit to carry a concealed weapon. Because there is no other adequate remedy at law for Mr. Smith to obtain a permit, Mr. Smith will suffer irreparable harm if the Court does not issue an injunction.

### B. Balancing this harm with any injury injunction would inflict on other interested parties

As discussed above, Mr. Smith will be unable to obtain a permit so long as the prohibition is enforced. Defendants, however, can claim no harm in allowing Mr. Smith to obtain a permit.

### C. Probability that moving party would succeed on the merits

The facts in this case are straightforward. Mr. Smith re-applied for a permit to carry a concealed weapon and was denied pursuant to 23-7-7.1(8) because he is not a U.S. citizen.

The Eighth Circuit Court of Appeals has held that "where a preliminary injunction of a duly enacted state statute is sought, we require a more rigorous threshold showing that the movant is likely to prevail on the merits." *Planned Parenthood*, 530 F.3d at 730.

Mr. Smith is likely to prevail on the merits because SDCL 23-7-7.1(8) violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution by discriminating based on alienage.

Ordinarily a state law classification that "neither burdens a fundamental right, nor targets a suspect class" will be upheld if the classification "bears a rational relation to some legitimate end." *Vacco v.*

*Quill*, 521 U.S. 793, 799 (1997). "The general rule gives way, however, when a statute classifies by race, alienage, or national origin." *City of Cleburne, Tex. V. Cleburne Living Center*, 473 U.S. 432, 440 (1985).

When a state law targets a suspect class, the classification is subject to strict scrutiny. The Supreme Court has held that "classifications by a state based on alienage are inherently suspect and subject to close judicial scrutiny." *Nyquist v. Mauclet*, 432 U.S. 1, 7 (1977).

"In undertaking this scrutiny, 'the governmental interest claimed to justify the discrimination is to be carefully examined in order to determine whether that interest is legitimate and substantial, and inquiry must be made whether the means adopted to achieve the goal are necessary and precisely drawn.'" *Nyquist*. In other words, classifications subject to strict scrutiny "are constitutional only if they are narrowly tailored to further a compelling governmental interest." *Grutter v. Bollinger*, 539 U.S. 306, 326. (2003).

It is difficult to imagine what compelling governmental interest exists to justify such a broad prohibition. Prior to 2002, that SDCL 23-7-7.1 required that a permit be issued to an applicant that "is a citizen of the United States or has been in the United States legally for at least two years." In 2002, the statute was re-written to its current form, specifically excluding anyone who is not a United States Citizen from obtaining a permit. It is also difficult to say that any interest the State

my have in denying Mr. Smith a concealed weapon permit is truly compelling, given that Mr. Smith has been issued a concealed weapon permit in the past, and that anyone who had been a lawful resident of the United States was capable of obtaining a permit as recently as 2002.

Furthermore, an applicant who was not a U.S. Citizens would still have to meet the other requirements of 23-7-7.1, including being over eighteen years old, never having pled guilty to, nolo contendere to, or been convicted of a felony or a crime of violence, isn't habitually in an intoxicated or drugged condition, having no history of violence, having not been found in the previous ten years to be a "danger to others" or a "danger to self" as defined in § 27A-1-1 or is not currently adjudged mentally incompetent, having physically resided in and being a resident of the county where the application is being made for at least thirty days immediately preceding the date of the application, having had no violations of chapter 23-7, 22-14, or 22-42 constituting a felony or misdemeanor in the five years preceding the date of application or is not currently charged under indictment or information for such an offense, and is not a fugitive from justice.

Even if the State could show a compelling interest, the means to carry it out is far from narrowly tailored.

The state cannot demonstrate a compelling governmental interest in restricting issuance of a permit to carry a concealed weapon based on citizenship. Any interest the state could possibly show is not furthered by

a blanket prohibition on non-citizens from obtaining a permit. Therefore, Mr. Smith is more than likely to prevail on the merits of his case.

### D. Effect on the public interest

This is a case involving denial of equal protection of the law. It is always in the public's interest to prevent the violation of a party's constitutional rights.

### III. Conclusion

The plaintiff respectfully requests this Court to grant a preliminary injunction, or temporary restraining order.

/s/ Robert Doody
ROBERT DOODY
ANDREW KNECHT
American Civil Liberties Union
South Dakota Chapter
401 E. 8th Street, Suite 226
Sioux Falls, South Dakota, 57103
(605) 332-2508
rdoody@aclu.org
aknecht@aclu.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing was served personally upon the following this ____ day of January, 2011.

CHRIS NELSON
Secretary of State
Capitol Building
500 East Capitol Avenue Ste 204
Pierre SD 57501-5070

MIKE MILSTEAD
Minneehaha County Sherriff
Law Enforcement Center
320 W. 4th St.
Sioux Falls, SD 57104

MARTY JACKLEY
Attorney General
1302 E Hwy 14
Suite 1
Pierre SD 57501-8501

_____
ROBERT DOODY
American Civil Liberties Union
South Dakota Chapter
401 E. 8th Street, Suite 226
Sioux Falls, South Dakota, 57103
(605) 332-2508
rdoody@aclu.org