UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WAYNE S. SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF SOUTH DAKOTA,<br><br>　　　　Intervenor Defendant,<br><br>and<br><br>JASON GANT, in his official capacity as Secretary of State of South Dakota, CHRIS NELSON in his personal capacity, former Secretary of State; MIKE MILSTEAD, in his official and personal capacity as Minnehaha County Sheriff; DEPUTY SHERIFF JEFF GROMER,<br>in his official and personal capacity,<br><br>　　　　Defendants. | Civ. 11-4001<br><br><br>MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO ALTER OR AMEND FEBRUARY 10 ORDER PURSUANT TO FED. RULE CIV. PROC. 59(e) AND MOTION FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT |

Intervenor Defendant State of South Dakota and Defendant Secretary of State Jason Gant in his official capacity, ("State Defendants"), submit this Memorandum of Law in support of their Motion to Alter or Amend February 10 Order (Doc. 40) Pursuant to Rule 59(e) and Motion for Judgment on the Pleadings and Summary Judgment.

## Facts and Procedural History

On July 6, 2010, Plaintiff's concealed weapon application was denied by the Minnehaha County Sheriff's Office. (Doc. 31, Att. 2). Nothing was submitted to the Secretary of State's Office regarding this application.

On January 3, 2011, Plaintiff filed a 42 U.S.C. 1983 Complaint (Doc. 1) against Chris Nelson, in his official capacity as Secretary of State, and Mike Milstead, in his official capacity as Minnehaha County Sheriff. Defendant Nelson filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 16) and supporting brief (Doc. 17).

The State of South Dakota filed a motion to intervene under 28 U.S.C. 2403(b) to address the constitutional challenge to SDCL 23-7-7.1(8) (Doc. 19). The Court granted the motion, and the State was added as an Intervenor Defendant (Doc. 27). The State filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 25) and supporting brief (Doc. 24). Defendant Milstead joined in the State's motion (Doc. 32). A statement of material facts in support of all motions was also filed (Doc. 35).

On January 26, Plaintiffs filed an amended complaint (Doc. 31). The Amended Complaint added Chris Nelson and Mike Milstead in their personal capacities and added Deputy Gromer in his official and personal capacities.[1] The Amended Complaint also alleged that it was a § 1983 action "and an action pursuant to the 14th Amendment of the United States Constitution . . ." (Doc. 31 at ¶ 1).

---

[1] There is not yet jurisdiction of the personal capacity suits because of lack of service. (Doc. 40 at 2).

2

The only mention of the Secretary of State in the Amended Complaint was that he "is the South Dakota authority charged with issuing South Dakota Concealed Carry Licenses ... SDCL 23-7-8." (Doc. 31 at 2, ¶ 3). The Amended Complaint also alleged, "South Dakota through the enactment and enforcement of SDCL 23-7-7.1(8) has intentionally discriminated against the Plaintiff and other similarly situated persons based upon their alienage." (Doc. 31 at 4, ¶ 16). It also added a prayer for "appropriate damages and reasonable attorney's fees against Defendant State of South Dakota." (Doc. 31 at 6). It did not request monetary relief or attorney's fees against the Secretary of State.

On January 27, an evidentiary hearing on Plaintiff's motion for preliminary and permanent injunction was held. (Doc. 33). At the hearing, the State Defendants objected to the filing of the Amended Complaint and were overruled. Ex. A (Doc. 43) at p. 5: 9-25; p. 6: 1-8. The Court then proceeded with hearing on the Amended Complaint. Ex. A at p. 6: 8-22. During the hearing, State Defendants raised and asserted their motions to dismiss. Ex. A at p. 13: 14-25; p. 14: 1-6; p. 49: 9-25; p. 50: 1-23; p. 53: 6-25; p. 54: 20-25; p. 55: 1-9; p. 74: 2-6. In addition, Plaintiff conceded that the State was not a person for purposes of § 1983 and that the Secretary of State did not act on Smith's permit. Ex. A at p. 77: 16-25; p. 78: 1-21; p. 79: 2-21.

The Court took all motions under advisement. Ex. A at p. 82: 15-17. On February 3, the Court denied the State Defendants' motions to dismiss as moot

because of the filing of the Amended Complaint (Doc. 36). The Order also substituted Jason Gant as Secretary of State.

On February 8, the State Defendants answered the Amended Complaint and preserved all defenses raised in the original motions to dismiss. (Doc. 37 at 3-4). On February 10, the Court issued an Order Granting Preliminary and Permanent Injunction. (Doc. 40). The Court determined that SDCL 23-7-7.1(8) was unconstitutional as applied to Smith. (Doc. 40 at 16). The Court ordered that "defendants State of South Dakota, Jason Gant in his official capacity, and Mike Milstead in his official capacity are prohibited from denying Smith a temporary permit under SDCL 23-7-7.1 because of his failure to satisfy SDCL 23-7-7.1(8)." (Doc. 40 at 16). The Order did not address whether Defendant Gant was properly sued under § 1983 or whether the State Defendants could be enjoined under 42 U.S.C. 1983.

Argument

State Defendants' motion requests the following relief: (1) Judgment on the pleadings and summary judgment for Defendant Gant and removal of Defendant Gant from the Court's injunctive order (Doc. 40) because the Secretary of State did not act under color of state law and cannot be sued under § 1983, and any claims against Defendant Gant are precluded by a lack of standing and ripeness; (2) Removal of the State from the Court's injunction order (Doc. 40) because it is immune from suit under the Eleventh Amendment, is not a "person" subject to suit under § 1983, and intervened in a limited capacity under 28 U.S.C. 2403(b); and (3) Judgment on the pleadings

and summary judgment on Plaintiff's claim for damages and attorney's fees against the State of South Dakota for the reasons stated in (2).

Judgment on the pleadings is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (citation omitted). The Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Junk v. Terminex Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). Plaintiff must show that success on the merits is more than a "sheer possibility," although this is not a "probability requirement." Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949). The factual content of the complaint as a whole must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, although a court must generally take factual allegations as true, legal conclusions and indeterminate factual allegations cannot be used to survive a motion to dismiss. Id.

In this case, an evidentiary hearing was held before the State Defendants had an opportunity to respond to the Amended Complaint. Therefore, the Court must consider matters outside of the pleadings in deciding the motion. This does not mean, however, that the motion for judgment on the pleadings is automatically converted to a motion for

summary judgment. See Fed. Rule Civ. Proc. 12(c); <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (Court may consider matters in the record outside the pleadings which do not contradict the Amended Complaint on a motion for judgment on the pleadings). If the Court addresses this as a summary judgment motion, then summary judgment shall be granted "if the pleadings ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The defense of failure to state a claim is preserved by raising it in a motion to dismiss, in the pleadings, in a motion for judgment on the pleadings, or at trial. Fed. Rule Civ. Proc. 12(h)(2). Subject matter jurisdiction can be raised at any time. Fed. Rule Civ. Proc. 12(h)(3).

The Eighth Circuit has addressed the requirement of a defendant "acting under color of law" under 42 U.S.C. 1983 as both a subject matter jurisdiction issue and a failure to state a claim for relief. See <u>Nichols v. Tower Grove Bank</u>, 497 F.2d 404, 406 (8th Cir. 1974); <u>Hayden v. Bracy</u>, 744 F.2d 1338, 1342 (8th Cir. 1984). Subject matter jurisdiction is the better analysis. <u>Polk County v. Dodson</u>, 454 U.S. 312, 336, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (Blackmun, J., dissenting).

The State Defendants renewed their motions to dismiss (Docs. 16, 25) during the hearing on the Amended Complaint and respectfully submit that the motions should not have been denied as moot. Ex. A at p. 13: 14-25; p. 14: 1-6; p. 49: 9-25; p. 50: 1-23; p. 53: 6-25; p. 54:

6

20-25; p. 55: 1-9; p. 74: 2-6. In addition, State Defendants preserved the issues raised in the motions to dismiss in their answer to the Amended Complaint, which was due after the evidentiary hearing. (Doc. 37 at 3-4). As a result, they are entitled to judgment on the pleadings and summary judgment and request the Court to alter or amend its Order (Doc. 40), pursuant to Federal Rule of Civil Procedure 59(e), to remove injunctive relief against State Defendants.[2]

> I. *The Secretary of State did not act under color of state law and cannot be sued under § 1983, and any claims against the Secretary are precluded by a lack of standing and ripeness.*

In order to state a claim against Defendant Gant, Plaintiff must show that the Secretary of State acted under color of state law and that the Secretary's wrongful conduct deprived Plaintiff of a constitutionally protected federal right. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (citing Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)). To act under "color of state law," the alleged wrong must be caused by a state actor acting under authority of state law. Neighborhood Enterprises v. City of St. Louis, 540 F.3d 882, 885 (8th Cir. 2008). Accordingly, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Id. (citing West v. Atkins, 487 U.S. 42, 49-50 (1988)).

There are no allegations in the Amended Complaint that the Secretary of State either acted on Smith's permit application or caused Plaintiff injury. In

---

[2] State Defendants respectfully reserve any rights to appeal the Court's determination that SDCL 23-7-7.1(8) is unconstitutional as applied to Smith but are not asking for reconsideration of that issue.

7

fact, Plaintiff conceded at hearing that the Secretary did not act. Ex. A at 78: 7-13. The only allegation concerning the Secretary is that he "is the South Dakota authority charged with issuing South Dakota Concealed Carry Licenses . . . SDCL 23-7-8." (Doc. 31 at 2, ¶ 3).

Plaintiff is not challenging the constitutionality of any statute other than SDCL 23-7-7.1. (Doc. 31 at ¶¶ 16, 17). The county sheriff possesses the sole ability to deny or grant a temporary permit under SDCL 23-7-7.1. (Doc. 17-1 at ¶¶ 2-6; Doc. 35 at ¶¶ 2, 9-11). If the sheriff denies the temporary permit, then nothing is submitted to the Secretary for action, as was the case here. SDCL 23-7-8; (Doc. 17-1 at ¶¶ 5, 7; Doc. 35 at ¶11). Hence, the Secretary did not act under color of state law and further, did not cause injury to Smith. For the same reasons, Plaintiff has alleged no injury in fact traceable to challenged action of the Secretary and has no standing to sue the Secretary. See Brown v. Medtronic, 628 F.3d 451, 455 (8th Cir. 2010). Therefore, the Secretary is not properly sued under § 1983, and he should be dismissed from the action.

Because the Secretary cannot be sued under § 1983, he cannot be enjoined under § 1983. There is no basis for enjoining the Secretary in this as applied challenge because he cannot act to issue or deny a temporary permit under SDCL 23-7-7.1, only the sheriff. Ex. A at p. 78: 18-21. If the sheriff grants the temporary permit under SDCL 23-7-7.1, then the Secretary has no discretion: he "shall issue the official permit." SDCL 23-7-8. Moreover, even if there were an allegation regarding what the Secretary may or may not do in

the future, such allegations are not ripe for review. Yankton Sioux Tribe v. Podhradsky, 606 F.3d 994, 1014 (8th Cir. 2010).

For these reasons, State Defendants respectfully request that the Court grant judgment on the pleadings or summary judgment for Defendant Gant. In addition, State Defendants request that the Court alter or amend its February 10 Order (Doc. 40) to remove injunctive relief against Defendant Gant.

II. *The State of South Dakota is immune from suit under the Eleventh Amendment and is not a "person" subject to suit under 42 U.S.C. 1983.*

The State is immune from suit under the Eleventh Amendment and is not a "person" within the meaning of 42 U.S.C. 1983. As a result, § 1983 claims cannot be made against the State itself. McLean v. Gordon, 548 F.3d 613, 618 (8th Cir. 2008); Treleven v. Univ. of Minn., 73 F.3d 816, 819 (8th Cir. 1996). See also Ex. A at 77: 16-21.

Further, the State is a party to this action not as a § 1983 defendant, but solely as an intervenor under 28 U.S.C. 2403(b). Its role is limited to presenting evidence and argument on the question of constitutionality. Id. The State's liability is limited to "court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." Id. Therefore, there is no authority under § 1983 or 28 U.S.C. 2403(b) for injunctive relief against the State.

For these reasons, the State respectfully requests that the Court alter or amend its February 10 Order (Doc. 30) to remove injunctive relief against the State.

III. *The State is not subject to damages or attorney's fees under 42 U.S.C. 1983 or 28 U.S.C. 2403(b).*

The Amended Complaint requests "damages and reasonable attorney's fees against Defendant State of South Dakota." (Doc. 31 at 6).[3] It is well established that the State is not a "person" who can be sued for damages under § 1983, and that the Eleventh Amendment bars such suits. Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (citing Will v. Mich. Dept. of State Police, 491 U.S. 58, 64 & 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).

There is also no basis to award attorney's fees against the State. The State intervened under 28 U.S.C. 2403(b). That statute specifically limits a state's liabilities to "court costs." 28 U.S.C. 2403(b). Attorney's fees are not court costs, and hence there is not statutory authorization for attorney's fees against the State. Goodman v. 1973 26 Foot Trojan Vessel, 859 F.2d 71, 74 (8th Cir. 1988).

Resultantly, the State is entitled to judgment on the pleadings and summary judgment on Plaintiff's claim for damages and attorney's fees against the State of South Dakota. (Doc. 31 at 6).

## Conclusion

For the reasons stated herein, the State Defendants respectfully request that the Court grant judgment on the pleadings and summary judgment for Defendant Gant and alter or amend its February 10 Order to remove injunctive relief against State Defendants. The State Defendants also request judgment

---

[3] No claim for damages was made against the Secretary of State. Such a claim in an official capacity would also be barred by the Eleventh Amendment. Serna v. Goodno, 567 F.3d 944, 952 (8th Cir. 2009).

on the pleadings or summary judgment on Plaintiff's claim for damages and attorney's fees against the State of South Dakota.

Dated this 22nd day of February, 2011.

                          MARTY J. JACKLEY
                          ATTORNEY GENERAL

                          /s/ Bobbi J. Rank
                          Bobbi J. Rank
                          Assistant Attorney General
                          1302 E. Highway 14, Suite 1
                          Pierre, SD  57501-8501
                          (605) 773-3215
                          bobbi.rank@state.sd.us

                          Richard M. Williams
                          Assistant Attorney General
                          rich.williams@state.sd.us

                          *Attorneys for State Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2011, a true and correct copy of Memorandum of Law in support of State Defendants' Motion to Alter or Amend February 10 Order Pursuant to Fed. Rule Civ. Proc. 59(e) and Motion for Judgment on the Pleadings and Summary Judgment was served electronically through the CM/ECF system upon the following persons:

Robert Doody
Andrew Knecht
American Civil Liberties Union
South Dakota Chapter
401 East 8th Street, Suite 226
Sioux Falls, SD 57103
605-332-2508
rdoody@aclu.org
aknecht@aclu.org
*Attorneys for Plaintiff Smith*

Douglas M. Deibert
200 East 10th Street, Suite 200
P.O. Box 2498
Sioux Falls, SD 57101
(605) 336-0828
ddeibert@cadlaw.com
*Attorney for County Defendants*

/s/ Bobbi J. Rank
Bobbi J. Rank
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501-8501
(605) 773-3215
bobbi.rank@state.sd.us