UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYNE S. SMITH, | ) | Civ. No. 11-4001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF SOUTH DAKOTA; | ) | RESPONSE TO STATE'S |
| JASON GANT in his official | ) | MOTION TO ALTER OR |
| capacity as Secretary of State of | ) | AMEND FEBRUARY 10 |
| South Dakota; | ) | ORDER PURSUANT TO |
| CHRIS NELSON in | ) | FEDERAL RULE 59(e) |
| his personal capacity, former | ) | AND MOTION FOR |
| Secretary of State; | ) | JUDGEMENT ON THE |
| MIKE MILSTEAD | ) | PLEADINGS AND |
| in his personal and official capacity | ) | SUMMARY JUDGMENT |
| as Minnehaha County Sheriff, | ) | |
| DEPUTY SHERIFF JEFF GROMER | ) | |
| in his personal and official capacity, | ) | |
| | | |
| Defendants. | | |

COMES NOW, the Plaintiff, Wayne S. Smith, by and through counsel, Robert Doody and Andrew Knecht in response to Defendant's Motion to Alter or Amend Judgment and Motion for Judgment on the Pleadings and Summary Judgment.

Facts and Procedural History

Plaintiff Wayne Smith filed his motion for preliminary injunction against Secretary of State Chris Nelson in his official capacity on January 3, 2011, which was later amended on January 8th (Doc 4, 8). The State filed a motion to dismiss or, in the alternative, motion for

summary judgment on behalf of Secretary of State Nelson in his official capacity on January 24, 2011. (Doc 16). On January 26, the Plaintiff filed an amended complaint against Defendant Nelson in his official capacity. (Doc 31) A hearing on Plaintiff's motion for an injunction took place on January 27, 2011, during which this Court took under advisement the State's January 24th motion. (Doc 33) On February 3, this Court denied the State's motion as moot, due to the filing of Plaintiff's amended complaint. (Doc 36) On February 8, the State filed a motion to dismiss on behalf of Secretary of State Gant in his personal capacity. (Doc 38). This Court issued an order enjoining the State of South Dakota, Defendant Gant in his official capacity, and Sheriff Mike Milstead in his official capacity on February 10, 2011. (Doc 40).

<u>Argument</u>

The State brings this motion pursuant to Federal Rule of Civil Procedure 59(e). The Eighth Circuit Court of Appeals has previously said "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health*

*Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998) (Internal cites omitted).

The Supreme Court of the United States has recently held in *Exxon Shipping Co. v. Baker* "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 ,U.S.,2008 citing *11 C. Wright & A. Miller, Federal Practice and Procedure* § 2810.1, pp. 127-128 (2d ed.1995)

1. *The injunction against Secretary of State Gant in his official capacity was proper, and should not be lifted pursuant to Rule 59(e).*

The State is arguing that this Court should amend its order enjoining Secretary of State Jason Gant in his official capacity, from denying Smith a temporary permit under SDCL 23-7-7.1 because of his failure to satisfy SDCL 23-7-7.1(8). The State is essentially asking this Court to reverse its decision and lift the injunction against Defendant Gant in his official capacity.

The arguments raised in the State's motion fall within the standards set by the Supreme Court in *Exxon Shipping Co.,* and the Eighth Circuit in *Innovative Home Health Care.* Each of the issues presented in petitioner's motion was brought before this Court in the state's January 24th motion. That motion was taken under consideration at the January 27th evidentiary hearing.

The State argues in its memorandum in support of its motion that its motion to dismiss on behalf of Secretary of State Nelson in his official capacity was renewed during the evidentiary hearing and that this Court erred when denying said motion as moot. (See Doc 49, Page 6). If that is the case, them each issue is therefore an "old matter" under *Exxon Shipping Co.* and should not be re-heard by this Court under the purview of a 59(e) motion.

Furthermore, even if the State's motion to dismiss was rendered moot and State did have new legal arguments to bring, it is barred under both *Exxon Shipping Co.,* and *Innovative Home Health Care* from bringing them in a Motion to Alter or Amend the Judgment under Rule 59(e). Both cases state that a 59(e) motion cannot be used to bring new legal arguments or theories which could have been brought prior to the entry of judgment. The State has had ample opportunity to raise any and all legal issues arising from the evidence in the record. In fact, the State did file a motion to dismiss on behalf of Jason Gant in his personal capacity on February 8, two days prior to this Court's order enjoining Gant in his official capacity. (Doc 38).

Because the State could have brought any new arguments or theories regarding the injunction against Secretary of State Gant in his official capacity prior to this Court's order, it cannot raise them under Rule 59(e), *Exxon Shipping Co.,* and *Innovative Home Health Care.*

Even if the State could bring these claims under a Rule 59(e) motion, said claims are without merit. The State argues that Secretary of State Gant cannot be enjoined in his official capacity under § 1983 because Gant is not liable for any injury caused to Plaintiff Smith in the past and that he had never acted on Mr. Smith's permit because the permit had been denied at the sheriff's office. (Doc 49, Pages 7-9).

The Plaintiff first points out that the purpose of injunctive relief is to prevent possible future harmful conduct by the enjoined party against the Plaintiff, not as a redress for past action. Therefore, a state official *may* be sued in his or her official capacity for injunctive relief under § 1983. *Smith v. Woodward*, Slip Copy, 2011 WL 382774 (D.S.D.), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Under SDCL § 23-7-8, the Secretary of State is charged with issuing the official concealed weapons permit. As demonstrated by the sample previously submitted with Document 17, the reverse side of a concealed weapon permit states "[t]he person holding this permit is entitled to carry a concealed pistol anywhere in South Dakota, except where prohibited by law." This is then signed by the Secretary of State.

Should the injunction against Defendant Gant in his official capacity be lifted, then the Secretary of State could conceivably withhold his signature on the grounds that he believed that Mr. Smith is not, in fact, entitled to carry a concealed pistol due to SDCL § 23-7-7.1(8). Therefore, this Court's grant of injunctive relief against Secretary of State

Gant was proper, and not a "manifest error of law" under *Innovative Home Health Care, Inc.*

> 2. *The Secretary of State can be a Defendant in his official capacity in a 1983 action for injunctive relief, a motion for judgment on the pleadings and summary judgment should not be granted under rule 59(e), and the motion for judgment on the pleadings and summary judgment is untimely.*

The State has also requested summary judgment or a judgment on the pleadings on behalf of Secretary of State Gant. (Doc 49, Page 4.) The State's argument for summary judgment mirrors its argument that the injunction against Secretary of State Gant should be lifted.

First, as previously stated a 59(e) motion cannot be used to re-litigate matters heard prior to entry of judgment. The State had previously moved to dismiss the Secretary of State in his official capacity, which was subsequently dismissed as moot. (Doc 16, 36)

Second, a 59(e) motion cannot be used to bring new legal theories or arguments which could have been made prior to the entry of judgment. The State could have renewed its motion to dismiss on behalf of Secretary of State Gant in his official capacity prior to this Court's order on February 10.

Further, there is no manifest error of law as described in *Innovative Home Health Care, Inc.* because Secretary of State Gant may be sued in his official capacity for injunctive relief under § 1983. *Smith v. Woodward.*

The State also requests judgment on the pleadings or summary judgment in favor of Secretary of State Gant, claiming that "because the Secretary cannot be sued under § 1983, he cannot be enjoined under § 1983." This is plainly not the case. As previously stated, a state official may, in fact, be sued in his or her official capacity for injunctive relief under § 1983.  *Smith v. Woodward*, Slip Copy, 2011 WL 382774 (D.S.D.), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Finally, the Plaintiff contends that State's motion for a summary judgment on behalf of Secretary of State Gant is untimely since this Court has already entered an order enjoining the Secretary of State.

   3. *The Court's Order enjoining the State of South Dakota should not be altered or amended under Rule 59(e), and the State of South Dakota was properly enjoined.*

The State has further requested that this Court amend its Order enjoining the State of South Dakota from denying Smith a temporary permit under SDCL 23-7-7.1 because of Smith's failure to satisfy SDCL 23-7-7.1(8).

As previously stated, the State cannot bring new legal arguments or theories which could have been brought prior to the entry of judgment under a Rule 59(e) motion, nor can the State attempt to re-litigate matters which this Court has heard prior to entry of the order. During the hearing on January 27, the Court questioned whether the State could be enjoined from enforcing the provisions of SDCL 23-7-7.1(8) against Mr. Smith. (Hearing Trans. Page 53: 15-16.) The State claimed

that it could not be a defendant under § 1983. (Hearing Trans. Page 53: 12-14, 17-19.) Further, in its brief, the State claims that it had renewed its motion to dismiss during the hearing. (Doc 49, Page 3). If the State did raise the issue during the hearing, then the State cannot re-litigate the issue again under Rule 59(e).

On February 3, the State's motion to dismiss was denied by this Court as moot due to the filing of the Plaintiff's amended complaint. (Doc 40). As with the State's motion on behalf of Secretary of State Gant in his official capacity, the State did not re-new their motion to dismiss at any point prior to the Court's injunctive order on February 10, and therefore cannot raise it again under a motion to alter or amend under Rule 59(e).

Enjoining the State from enforcing SDCL 23-7-7.1(8) against the Plaintiff is also not a manifest error of law under *Innovative Home Health Care, Inc.* which would support altering or amending the injunction under Rule 59(e). The State claims that it is immune from suit for damages under the Eleventh amendment. (Doc 49, Page 9-10). However, "Plaintiffs may seek prospective injunctive relief against a *state*, its agencies, and its officers when sued in their official capacities to prevent continuing or future violations of the Constitution or other federal law without running afoul of the Eleventh Amendment." *Harris v. Henneberry*, 2007 WL 805458, 4 (E.D.Mo.) citing *Heartland Academy Community Church v. Waddle,* 427 F.3d 525, 530 (8th Cir.2005) (emphasis added).

As the Court pointed out at the hearing, the State is the entity that created the statute and created the classification. It is therefore not a manifest error of law for this Court to issue an injunction against the State.

Conclusion

For the above argued reasons the Plaintiff requests that this Court denies State Defendants Motion to Alter or Amend the February 10 order and Motion for Judgment on the Pleadings and Summary Judgment.

Dated this 2nd day of March, 2011

  /s/ Andrew Knecht_____
ROBERT DOODY
ANDREW KNECHT
American Civil Liberties Union
South Dakota Chapter
401 E. 8th Street, Suite 226
Sioux Falls, South Dakota, 57103
(605) 332-2508
rdoody@aclu.org
aknecht@aclu.org

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE
I hereby certify on this day that I electronically filed RESPONSE TO STATE'S MOTION TO ALTER OR AMEND FEBRUARY 10 ORDER PURSUANT TO FEDERAL RULE 59(e) AND MOTION FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGEMENT with the Clerk of Courts using the CM/ECF system with automatic email notification to the following counsel:
Martin J. Jackley marty.jackley@state.sd.us
Bobbi Rank Bobbi.Rank@state.sd.us
Richard M. Williams Rich.Williams@state.sd.us
Douglas M. Diebert ddeibert@cadlaw.com

Dated this 2nd day of March, 2011

/S/Andrew Knecht
Robert Doody
Andrew Knecht
ACLU of South Dakota
401 E 8th Street Suite 226
Sioux Falls SD 57103
Tel 605-332-2508
rdoody@aclu.org
