UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WAYNE S. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF SOUTH DAKOTA,<br><br>    Intervenor Defendant,<br><br>and<br><br>JASON GANT in his official capacity as Secretary of State of South Dakota; CHRIS NELSON in personal capacity, Former Secretary of State; MIKE MILSTEAD in his official and personal Capacity as Minnehaha County Sheriff; DEPUTY SHERIFF JEFF GROMER, in his official and personal capacity,<br><br>    Defendants. | Civ. No. 11-4001-KES<br><br>REPLY BRIEF REGARDING STATE DEFENDANTS' MOTION TO ALTER OR AMEND FEBRUARY 10 ORDER AND MOTION FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT |

Intervenor Defendant State of South Dakota and Secretary of State Jason Gant, in his official capacity, ("State Defendants"), submit this Reply Brief to Plaintiff's Response (Doc. 52) to the Motion to Alter or Amend February 10 Order and Motion for Judgment on the Pleadings and Summary Judgment (Doc. 42).

    I. *Alteration or amendment of the February 10 Order under Rule 59(e) is proper, and the motion for judgment on the pleadings or summary judgment is timely.*

1

Plaintiff argues that the Court should refuse to consider this matter under Rule 59(e). "A district court has broad discretion in determining whether to grant a [Rule 59(e)] motion." Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). A Rule 59(e) motion cannot be used to introduce new evidence, tender new legal theories for the first time, or raise arguments which could have been raised before issuance of judgment. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).

State Defendants are not introducing new evidence or legal theories. The issues that the Court is being asked to reconsider were raised before the February 10 Order (Doc. 40). They were raised before the hearing by motion, at the hearing on the Amended Complaint, or in the Answer to the Amended Complaint. (Doc. 49 at 2-4, 6-7).

Therefore, review under Rule 59(e) is appropriate because it allows a court to "reconsider issues previously before it, and generally ... examine the correctness of the judgment itself." Leonard v. Dorsey & Whitney, 553 F.3d 609, 620 (8th Cir. 2009) (quoting Ray E. Friedman & Co. v. Jenkins, 824 F.2d 657, 660 (8th Cir. 1987)). This allows a court to "correct manifest errors of law or fact." Id. (citation omitted).

Plaintiff relies on Exxon Shipping Co. v. Baker, 128 S.Ct. 2605, 2617 (2008), to argue that Rule 59(e) cannot be used to relitigate issues already raised before the Court. (Doc. 52 at 3). However, State

2

Defendants are not asking the Court to reevaluate a matter that was fully addressed by the Court. The issues that State Defendants are asking to be reconsidered have been properly preserved but are not addressed by the Court in its Order (Doc. 40). The injunctive relief granted against State Defendants is a manifest error of law or fact which should be addressed under Rule 59(e).

Plaintiff also claims that the State's Rule 59(e) motion is improper because it chose to file an Answer to the Amended Complaint rather than a Rule 12(b) motion. (Doc. 52 at 4, 6, 8). However, the question of whether Defendant Gant acted under color of law is a matter of subject matter jurisdiction or a failure to state a claim. (Doc. 49 at 6). Eleventh Amendment immunity is also a matter of subject matter jurisdiction. Long v. Area Manager, Bureau of Reclamation, 236 F.3d 910, 916 (8th Cir. 2001).

Subject matter jurisdiction may be raised anytime. Fed. Rule Civ. Proc. 12(h)(3). Failure to state a claim is not required to be raised in a 12(b) motion; it is preserved by raising it in a pleading, motion, or at trial. Fed. Rule Civ. Proc. 12(h)(2). Normally, failure to state a claim would be "heard and decided before trial unless the court orders a deferral until trial." Fed. Rule Civ. Proc. 12(i). See also Fed. Rule Civ. Proc. 12(c). However, the injunction hearing was held before State Defendants even had an opportunity to respond to the Amended Complaint under Rule 12. Moreover, Plaintiff's alleged damages claims

are still pending. In this situation, making a motion for judgment on the pleadings after the hearing is proper. See In re: Vivendi Universal, 2011 WL 590915, 10 (S.D.N.Y.) (Motion under Rule 12(h)(2) after trial was proper where damages phase had yet to occur and intervening authority made available a defense not previously available). Therefore, given the procedural posture of this case, these issues should be decided under a Rule 59(e) motion and a motion for judgment on the pleadings or summary judgment. Fed. Rule Civ. Proc. 12(c)(d), 56.

For these reasons, State Defendants' Motion for Judgment on the Pleadings and Summary Judgment is timely and should be considered by the Court. In addition, reconsideration and clarification of the February 10 Order is proper under Rule 59(e).

I. *The Secretary of State should be dismissed from the Plaintiff's § 1983 claim.*

In his response, Plaintiff does not dispute that the Secretary of State did not in any way act on Plaintiff's application. In addition, Plaintiff failed to file an opposing statement of material facts in regard to the summary judgment motion, so those facts should be deemed admitted under D.S.D. Civ. LR 56.1(D). (Doc. 35; Doc. 49 at 8). Therefore, it is undisputed that the Secretary did not act under color of state law, which is the only way Plaintiff can state a claim against the Secretary under 42 U.S.C. 1983. See Neighborhood Enterprises v. City of St. Louis, 540 F.3d 882, 885 (8th Cir. 2008).

Plaintiff instead argues that suit against the Secretary is proper because suits for prospective injunctive relief against state officials are not automatically precluded by the Eleventh Amendment or the "person" requirement of § 1983. (Doc. 52 at 5, 7). However, this puts the cart before the horse. Plaintiff has sued the Secretary *under § 1983*. In order to keep the Secretary in federal court under § 1983, he must state a claim against him under § 1983. If the Secretary did not act under color of state law, then there is no cause of action against him under § 1983. Neighborhood Enterprises, 540 F.3d at 885. In addition, Plaintiff's response fails to even address how he would have standing against the Secretary, who caused Plaintiff no injury. (Doc. 49 at 8). Therefore, Secretary Gant must be dismissed from the § 1983 action. If he is dismissed from the § 1983 action, then he obviously cannot be enjoined under § 1983.

Even if Plaintiff had raised another ground for federal jurisdiction besides § 1983, which he has not, there would also be no grounds for injunctive relief against Gant under Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). As the facts laid out in the previous brief demonstrate, (Doc. 49 at 7-9), Defendant Gant does not have sufficient connection to the enforcement of SDCL 23-7-7.1 to invoke the Young exception to Eleventh Amendment immunity. See Reproductive Health Services v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005); McCoy v. Carter-Jones Timber Co., 2009 WL 3713697, 1 (8th Cir. 2009).

Plaintiff claims that Gant must be enjoined because he is charged with issuing the official permit under SDCL 23-7-8 and could conceivably withhold that permit. (Doc. 52 at 5). However, Plaintiff is not challenging SDCL 23-7-8, only SDCL 23-7-7.1. (Doc. 35 at ¶¶ 5, 8). Secretary Gant has no authority to act under SDCL 23-7-7.1, only the Sheriff. Moreover, even if SDCL 23-7-8 were at issue, there is no discretion to deny an official permit under that statute as alleged by Plaintiff.[1] In addition, to the extent that Plaintiff is arguing about what may or may not happen in the future, the claim is not ripe. (Doc. 49 at 9). Again, Plaintiff fails to even address the ripeness issue in his response.

For all these reasons, it was a manifest error of law and fact to make Defendant Gant part of the injunctive order. The Court should grant judgment on the pleadings or summary judgment for Gant and amend its February 10 Order pursuant to Rule 59(e) to remove Gant from this action.

III. *The State of South Dakota is immune from injunctive relief under the Eleventh Amendment and is not a "person" who can be enjoined under 42 U.S.C. 1983.*

It is well established that the State itself is immune from suit under the Eleventh Amendment and is not a "person" within the meaning of 42 U.S.C. 1983. (Doc. 49 at 9). But Plaintiff cites an Eastern District of Missouri case for the proposition that the State itself can be

---

[1] To counsel's understanding, the official permit was issued to Plaintiff on February 23, 2011.

enjoined without running afoul of the Eleventh Amendment. (Doc. 52 at 8). The United States Supreme Court said otherwise in <u>Alabama v. Pugh</u>, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). In that case, a mandatory injunction was issued against the State of Alabama, the Alabama Board of Corrections, and individual officials. The court stated that the issue of the state's Eleventh Amendment immunity was "not merely academic." <u>Id.</u> at 782. It determined that absent a waiver, the injunction against the state and board violated the Eleventh Amendment. It then remanded with instructions to dismiss. <u>Id.</u> at 781-82. Therefore, the Eleventh Amendment clearly prohibits injunctive relief against the State in this case.

This is not changed by the fact the State intervened under 28 U.S.C. 2403(b). As pointed out in the initial brief, intervention under that statute is for limited purposes of addressing constitutionality. (Doc. 49 at 9). This intervention was not in any way a waiver of Eleventh Amendment immunity. <u>Comfort v. Lynn School Committee</u>, 131 F.Supp.2d 253, 254 n. 2 (citing <u>Tennessee v. Garner</u>, 471 U.S. 1, 22, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). The injunctive relief against the State is therefore a manifest error of law which should be corrected under Rule 59(e).

IV. *The State is entitled to judgment on the pleadings and summary judgment on Plaintiff's claim for damages and attorney's fees against the State.*

Plaintiff fails to contest the State's motion for judgment on the pleadings and summary judgment regarding Plaintiff's claim for damages and attorney's fees against the State. (Doc. 49 at 10). As a result, the Court should enter judgment for the State on that issue.

## Conclusion

The Rule 59(e) motion is proper, and the motion for judgment on the pleadings and summary judgment is timely under Rules 12 and 56. Because it is undisputed that the Secretary of State did not act under the color of state law, he should be dismissed from Plaintiff's § 1983 claim and the injunctive relief against him lifted. The injunctive relief against the State should also be removed because it violates the Eleventh Amendment, and the State is not a "person" subject to suit under § 1983. Finally, because the motion regarding Plaintiff's claim for damages and attorney's fees against the State is unopposed, the State is entitled to judgment on the pleadings or summary judgment on that issue.

Dated this 11th day of March, 2011.

                        Respectfully submitted,

                        MARTY J. JACKLEY
                        ATTORNEY GENERAL

                        /s/ Bobbi J. Rank
                        Bobbi J. Rank
                        Assistant Attorney General
                        1302 E. Highway 14, Suite 1
                        Pierre, SD 57501-8501
                        (605) 773-3215
                        bobbi.rank@state.sd.us

                        Richard M. Williams
                        Assistant Attorney General
                        rich.williams@state.sd.us

                        *Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, a true and correct copy of the Reply Brief Regarding State Defendants' Motion to Alter or Amend February 10 Order and Motion for Judgment on the Pleadings and Summary Judgment was served electronically through the CM/ECF system upon the following persons:

Robert Doody
Andrew Knecht
American Civil Liberties Union
South Dakota Chapter
401 East 8th Street, Suite 226
Sioux Falls, SD 57103
605-332-2508
rdoody@aclu.org
aknecht@aclu.org

*Attorneys for Plaintiff Smith*

Douglas M. Deibert
200 East 10th Street, Suite 200
P.O. Box 2498
Sioux Falls, SD  57101
(605) 336-0828
ddeibert@cadlaw.com
*Attorney for County Defendants*

/s/ Bobbi J. Rank
Bobbi J. Rank
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501-8501
(605) 773-3215
bobbi.rank@state.sd.us