UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYNE S. SMITH, | ) | CIV. 11-4001-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| STATE OF SOUTH DAKOTA; | ) | |
| JASON GANT in his official | ) | |
| capacity as Secretary of State of | ) | |
| South Dakota; and | ) | |
| MIKE MILSTEAD in his official | ) | |
| capacity as Minnehaha County | ) | |
| Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant, Mike Milstead, in his official capacity as Minnehaha County Sheriff, moves for summary judgment. He claims that Smith cannot maintain a § 1983 action against him because Smith has not shown the existence of an official policy or custom that was the moving force behind the violation of his constitutional rights. Docket 71. Plaintiff, Wayne S. Smith, has not contested this motion, but asks for a judgment as a matter of law that he was discriminated against based on his ethnicity. Docket 75. Additionally, Smith asks the court to reconsider its decision not to award damages and attorney's fees against the State of South Dakota and Secretary of State Jason Gant in his official capacity (State defendants). Docket 75 at 3. State defendants resist any motions by Smith and renew their motion for summary judgment on the issue of

attorney's fees. Docket 76. For the following reasons, Milstead's motion for summary judgment is granted, plaintiff's motions are denied, and State defendants' motion for summary judgment is granted.

## BACKGROUND

Smith was originally before this court challenging the validity of a South Dakota statute that required an applicant for a permit to carry concealed weapons to be a United States citizen. Smith is a lawful permanent resident who was denied such a permit by the Minnehaha County Sheriff's Office based on his national origin. This court enjoined the State, Milstead as Sheriff of Minnehaha County, and other defendants from applying this statute to Smith. Docket 40. The day after the court's order was filed, Smith applied again for a permit to carry a concealed pistol. The application was approved that day by the Minnehaha County Sheriff's Office. Around that same time, the South Dakota Legislature enacted SDCL 23-7-7.1(8), which amended the existing statute to now provide that concealed weapon permits could be issued to a "legal resident of the United States" in addition to citizens of the United States.

Milstead was the Minnehaha County Sheriff when Smith's request was denied on July 6, 2010, and when Smith's permit request was granted on February 11, 2011. On May 17, 2011, the court gave notice to Smith under Federal Rule of Civil Procedure 4(m) that if he did not serve a summons and the

amended complaint on Secretary of State Chris Nelson[1] in his personal capacity, Milstead in his personal capacity, and Deputy Sheriff Jeff Gromer in his official and personal capacity, that it would dismiss each from the action. Docket 59. Service was not completed, and on June 13, 2011, the court dismissed those defendants without prejudice. Docket 65.

Meanwhile, on June 2, 2011, both of plaintiff's attorneys made a motion to withdraw, claiming that they had fundamental disagreements with Smith as to the direction of his case. Docket 60. The court granted the motion. Docket 62. Smith's former attorneys do not seek attorney's fees in this case. Docket 76-1. Smith chose to proceed pro se. Docket 68. Following the court's initial order that granted permanent injunctive relief to Smith, State defendants moved the court to reconsider its position and alleged that Secretary of State Jason Gant was not a proper defendant and the State of South Dakota had Eleventh Amendment immunity and was not a "person" for purposes of § 1983 claims. Docket 42. On July 19, 2011, the court amended its original order and granted summary judgment to Gant in his official capacity and to the State of South Dakota. Docket 70. The court also denied Smith's claims of damages or injunctive relief against Gant or the State. The court denied South Dakota's request for summary judgment on the issue of attorney's fees because Smith had not moved for

---

[1] Current Secretary of State Jason Gant was later added as a defendant in his official capacity. Docket 36.

attorney's fees. Docket 70 at 15. As a result, Milstead is the lone defendant left in this action.

On August 31, 2011, Milstead moved for summary judgment. On October 3, 2011, Smith requested that the court grant him a judgment as a matter of law because he claims that he was denied his permit to carry a concealed weapon based on his ethnicity. Docket 75. Smith also asks the court to reconsider its denial of damages and attorney's fees. State defendants argue that any motion for summary judgment does not pertain to them and any request for reconsideration of damages or attorney's fees is now time barred by plaintiff's delay in his request. Docket 76 at 2-3. State defendants also renew their motion for summary judgment regarding attorney's fees. Docket 76 at 4.

## STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)). The moving party must inform the court of the basis for its motion and also identify the portion of the record that

shows that there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

Once the moving party has met its initial burden, the nonmoving party must establish "that a fact . . . is genuinely disputed" either "by citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). "The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## ANALYSIS

### I.   Milstead's Motion

Milstead argues that because he is being sued in his official capacity, the suit is against the governmental entity itself. Docket 74 at 5. Milstead asserts that Minnehaha County cannot be liable because the county does not have a policy or custom that was the moving force behind the alleged constitutional

violation. Milstead further claims that enforcing state law cannot be a policy or custom for § 1983 claims. Plaintiff has not responded to this motion.

Claims brought under 42 U.S.C. § 1983 are intended to provide "a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .' " *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983). When governmental officials are sued in their officially capacity it is generally just "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). In that case, "in all respects other than name, [it is] to be treated as a suit against the entity." *Id.* at 166 (citation omitted).

Typically, a municipality cannot be held vicariously liable for its employees' unconstitutional acts under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 694. "In order to make out a § 1983 case against a municipality, a plaintiff must show that a municipal policy or custom, either official or unofficial, was the moving force behind a constitutional violation." *Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 684 (8th Cir. 1995) (citing *Monell*, 436 U.S. at 694). If a municipality's officials or employees act to "implement or execute an unconstitutional municipal policy or custom," then the municipality may be held liable for unconstitutional acts.

*Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citations omitted). A "policy" is defined as "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id.* Conversely, to prove a "custom" the claimant must show:

> (1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of the misconduct; and
>
> (3)  Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.*, [proof] that the custom was the moving force behind the constitutional violation.

*Id.* (citations omitted).

"[L]iability for violating constitutional rights may arise from single act of a policy maker . . . ." *Miller v. Compton*, 122 F.3d 1094, 1100 (8th Cir. 1997) (citing *McGautha v. Jackson Cnty., Mo., Collections Dep't*, 36 F.3d 53, 56 (8th Cir. 1994)). That act, however, "must come from one in an authoritative policy making position and represent the official policy of the municipality." *Id.* There must be "a deliberate choice to follow a course of action . . . from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Municipality liability attaches only when its policy or custom is

the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 694-95.

The decision to deny Smith's application for a permit to carry a concealed weapon was not based on Minnehaha County's preference or any sort of voluntary policy or custom. Milstead did not make a deliberate choice between various alternatives because mandatory South Dakota law took away his discretion to grant or deny a permit to carry a concealed weapon based on citizenship. Milstead could not grant Smith's initial permit request without violating state law. Generally, albeit with some distinctions, courts "agree that municipalities and local governments cannot be liable under § 1983 for enforcing a state law when it is required to do so."[2]

---

[2] *Slaven v. Engstrom*, Civ. No. 11-1632, 2012 WL 264212, at *6 (D. Minn. Jan. 30, 2012) (citing *N.N. ex rel. S.S. v. Madison Metro. Sch. Dist.*, 670 F. Supp. 2d 927, 934-37 (W.D. Wis. 2009) (highlighting cases and their approaches on the topic)). *See also Maynard v. Greater Hoyt Sch. Dist. No. 61-4*, 876 F. Supp. 1104, 1108 (D.S.D. 1995) ("It is hard to imagine a municipal policy more innocuous and constitutionally permissible, . . . than the 'policy' of enforcing state law. If the language and standards from *Monell* are not to become dead letter, such a 'policy' simply cannot be sufficient to ground liability against a municipality.") (quoting *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791-92 & n.4 (7th Cir. 1991)); *Bernbeck v. Gale*, Civ. No. 10-3001, 2011 WL 3841602, at *4 (D. Neb. Aug. 30, 2011) (finding that the municipal actor sued in her official capacity had "no choice" but to enforce state law and there was no evidence that her actions were pursuant to a policy or custom); *Williams v. Scotts Bluff Cnty.*, Civ. No. 05-5018, 2005 WL 3159661, at *5 (D. Neb. Nov. 28, 2005) (determining that the municipality's implementation of excessive force policies mandated by the state legislature did "not constitute formulation by a final policy-making body sufficient to impose liability upon the municipality."); *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 917 (D. Neb. 2004) (stating that the "county sheriff acts pursuant to state-enacted restrictions in enforcing the criminal laws of Nebraska and is

Here, South Dakota law was mandatory and there is no indication that each South Dakota sheriff has discretion to either adopt and apply South Dakota law or not as it applies to concealed weapon permits for non-United States citizens. *See Bernbeck*, 2011 WL 3841602, at *4 (stating that plaintiff must make a showing that the municipality's conduct was the "moving force," was taken "with the requisite degree of culpability[,]" and had a causal link between the county's action and the injury). Because the residency requirement was mandatory South Dakota law, Milstead and the county did not have the requisite culpability to establish liability for a § 1983 claim, and application of the enjoined statute cannot be considered a custom or policy that was the moving force behind Smith's injury. *Bernbeck*, 2011 WL 3841602, at *4; *Williams*, 2005 WL3159661, at *5. Moreover, Smith has not sufficiently met his burden of identifying a policy, custom, or practice that caused his injury, and there is no genuine dispute of material fact that remains as to Milstead's or Minnehaha County's liability.

## II.   Smith's Motions

### A.   Summary Judgment

Smith submitted a document entitled "Plaintiff's Motion for Summary Undisputed Facts and Incorporated Motion for Reconsideration." Docket 75. In

---

not himself a policy maker for the county for which he is sheriff.").

this document, Smith appears to ask the court to grant him a judgment as a matter of law because he claims that he was denied the right to carry a firearm because of his ethnicity in violation of 42 U.S.C. § 1981. Docket 75 ¶¶ 9-13. The court also construes Smith's document as a request for damages against Milstead stemming from his initial denial of a permit to carry a concealed weapon. Docket 75 ¶ 14. As was previously discussed, however, because there is no longer a cognizable claim against Milstead, the court cannot grant summary judgment to Smith on his constitutional claims or his request for damages. Although Smith's claims fail for the reasons cited previously, there are also alternative reasons why Smith is not entitled to summary judgment in his favor.

The District of South Dakota's local rules mandate that specific procedural requirements be met when a party submits a substantive motion for the court's consideration. First, in "every motion raising a question of law . . . the movant shall . . . file with the clerk of court a brief containing the specific points of law with the authorities in support thereof on which the movant relies" and identify the Federal Rule of Civil Procedure that is the basis for his or her substantive motion. D.S.D. Civ. LR 7.1B. Additionally, parties must include a statement of material facts when moving for summary judgment. D.S.D. Civ. LR 56.1. Specifically, the facts shall consist of "a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." D.S.D. Civ. LR 56.1A. Parties also are required to respond

when the opposing party files a motion for summary judgment and a statement of material facts. D.S.D. Civ. LR 56.1B. If a party does not respond to the other party's statement of material facts then "the movant's statement of material facts will be deemed to be admitted." D.S.D. Civ. LR 56.1D.

Smith failed to file a separate brief or statement of material facts that supported his motion for summary judgment. Additionally, Smith did not respond to Milstead's motion for summary judgment, either with a substantive response to the motion or a response to Milstead's Statement of Undisputed Material Facts. Although Smith is proceeding pro se, he must still comply with the local rules and the Federal Rules of Civil Procedure. *See Faretta v. California*, 422 U.S. 806, 834-35 n.46 (1975) (stating that pro se litigants must comply with rules of procedure). Moreover, the court finds that even if Smith had followed the court's local rules, his argument would still fail. This action and specifically this stage of this action, is not the appropriate place to raise a new discrimination claim. This claim is based solely on Smith being denied a concealed weapon permit based on his status as a lawful permanent resident, and any allegation of ethnic discrimination is not properly before the court. For all these reasons, plaintiff's motion for summary judgment is denied.

Additionally, any request by Smith for summary judgment or judgment as a matter of law on the issue of damages against Milstead also is denied. First, as previously discussed, there is no longer a viable claim against Milstead in his

official capacity because the county's policy or custom was not the moving force behind Smith's harm. Second, Smith neither has specified what his damages are nor established a causal connection between those damages and any conduct by Milstead. Finally, on the facts before the court, Smith has not shown that there is a genuine dispute of material fact as to whether he suffered damages from Milstead's denial of Smith's permit to carry a concealed weapon.

### B.   Motion for Reconsideration: Damages and Attorney's Fees

Smith also requests damages or relief for loss of income, livelihood, and reasonable attorney's fees and moves for the court to reconsider its order denying that relief. Docket 75 ¶¶ 14-16. Smith claims that he trusted his attorneys and those attorneys did not ask for his relief, so he requests that the court grant him an extension of time if a "statute of limitations" applies to his case. Docket 75 ¶ 17. Milstead asserts that the motion for reconsideration applies only to State defendants, but that all of Smith's claims are improper or inapplicable. Docket 78 at 4. State defendants object to Smith's motion for summary judgement and motion for reconsideration and state that Smith no longer has viable claims against State defendants and that he failed to provide any authority for reconsideration; therefore, his claims should be denied. Docket 76 at 2-3.

Because the court only denied Smith damages as to the State defendants in its July 19, 2011, order, that is the only claim under review for his motion to

reconsider. Also, because Smith did not request attorney's fees until October of 2011, attorney's fees are outside the scope of a request for reconsideration. Although Smith has not identified which rule of procedure governs his request for reconsideration, the court will analyze both applicable rules because his claim fails under either rule.

Federal Rule of Civil Procedure 59(e) gives courts the power to correct their own mistakes in the time period following the entry of a judgment. *See Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). The ruling court, however, will only alter or amend its judgment to allow a party to present newly found evidence or if it finds that there is a "manifest error" of fact or law in the ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 59(e) may not be used to raise new legal theories or tender new evidence and argument that could have been raised prior to the execution of the judgment. *Id.* Rule 59(e), however, mandates that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party of judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

13

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court entered its judgment on July 19, 2011, and Smith did not move to reconsider until October 3, 2011. Because Smith waited more than 75 days to file his motion to reconsider, he is time barred from raising the claim now under 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). Furthermore, the court does not have the ability to extend the time to file a motion to reconsider under Federal Rule of Civil Procedure 59(e) even if Smith could meet his burden of showing good cause for delay, which he has not done. See Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under . . . Rule 59[.]").

Under Rule 60(b), Smith has not brought forth any evidence, reasoning, or proof that would sway the court to reconsider its denial of damages against State defendants. Defendant Gant did not have the ability to deny or grant Smith's permit and was not a proper defendant. The State of South Dakota had Eleventh Amendment immunity and was not a person that could be sued under 42 U.S.C.

§ 1983. For those reasons, dismissal of State defendants and any claims for damages against them was properly dismissed in the July 19 order.

### III.  State Defendants' Renewed Motion for Summary Judgment

State defendants previously moved for summary judgment on the issue of attorney's fees. At the time the court examined State defendants' motion to amend or correct and for summary judgment, the court determined that summary judgment on the issue of attorney's fees was premature because Smith had not yet moved for attorney's fees. Docket 70 at 15. State defendants renew their motion for summary judgment on attorney's fees and argue that Smith is time barred from requesting and recovering these fees.

Federal Rule of Civil Procedure 54(d)(2)(B)(i) requires that a litigant file a motion for attorney's fees within 14 days following the entry of a judgment unless otherwise provided by court order. Fed. R. Civ. P. 54(d)(2)(B)(i). Under District of South Dakota local rules, attorney's fees may be awarded if a party moves for an award of attorney's fees "no later than 28 calendar days after the entry of judgment absent a showing of good cause." D.S.D. Civ. LR 54.1C. The court's local rules also require a party moving for attorney's fees to attach an affidavit that explains the time spent on the litigation and any other facts relevant to the motion. D.S.D. Civ. LR 54.1C.

In his "Motion for Summary Undisputed Facts and Incorporated Motion for Reconsideration," Smith asks for reconsideration of the court's order denying his

15

right for damages and reasonable attorney's fees. Docket 75 at 3. Because the court has yet to entertain Smith's request for attorney's fees, the court will construe this motion as a request for attorney's fees.

Smith makes his motion for attorney's fees far beyond his deadline of 28 days. Smith also did not attach an affidavit that specifies the amount of attorney's fees he has incurred, does not specify which party he is requesting fees from, and does not specify whether he is the prevailing party. Because Smith has made no showing of excusable neglect or any other form of good cause to explain the reason for missing his filing deadline, he has waived his right to collect attorney's fees. Moreover, Smith's attorneys for the underlying injunctive relief have withdrawn and have not requested that any fees be awarded to them. Docket 76-1. And Smith, acting pro se, may not collect attorney's fees for any of his own time spent developing his case. *Leventhal v. Schaffer*, 743 F. Supp. 2d 990, 1005 (N.D. Iowa 2010) (citing *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979)). For all these reasons, Smith's motion for reconsideration or request for attorney's fees is denied. The State defendants' renewed motion for summary judgment on the issue of attorney's fees is granted because there is no genuine issue of material fact still in dispute.

## CONCLUSION

Because Milstead was following state law when he denied Smith's application for a concealed weapon permit, Smith cannot establish that Milstead

and Minnehaha County had a policy or custom that was the moving force behind his constitutional violation. Smith has made no showing of his damages or good reason for delay in filing a motion for attorney's fees, so his request for summary judgment or motion for reconsideration is denied. State defendants' renewed motion for summary judgment on attorney's fees is granted. It is

ORDERED that defendant Milstead's motion for summary judgment (Docket 71) is granted.

IT IS FURTHER ORDERED that Smith's motion for summary undisputed facts and incorporated motion for reconsideration (Docket 75) is denied in its entirety.

IT IS FURTHER ORDERED that State defendants' renewed motion for summary judgment on the issue of attorney's fees (Docket 76) is granted.

Dated March 27, 2012.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE